*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ELIZABETH MCCLELLAN,

        Plaintiff/Counterdefendant-Appellee,

v

BRODY JOSEPH MCCLELLAN,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
January 28, 2026
9:52 AM

No. 374311
Muskegon Circuit Court
LC No. 2023-002788-DM

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Defendant husband perfunctorily appeals an order by the trial court requiring him to repay plaintiff wife certain money. We affirm.

Husband and wife agreed to a consent judgment of divorce. As part of that agreement, wife took sole possession of their marital home and agreed to remove husband's name from the mortgage encumbering that property. When wife went to refinance the mortgage, she discovered defendant's former attorney placed an attorney's charging lien on the home a few months before the entry of the consent judgment of divorce for husband's outstanding legal bills. Wife paid the lien so she could obtain clear title and refinance the mortgage as required by the consent judgment of divorce. She then successfully moved the trial court for entry of an order directing husband to reimburse her the amount she paid to clear that lien (to be dispersed from the parties' federal income tax return), along with attorney fees and costs associated with the motion.

On appeal, husband contends that order violated the automatic stay provision set forth in the Bankruptcy Code, 11 USC § 362, and was otherwise erroneous because he did not have interest in the home at the time wife paid the lien. In support, he relies solely on his counsel's statements made at the hearing on wife's motion in an attempt to undermine the trial court's ruling. "But it is well settled that an attorney's statements and arguments are not evidence." *In re Conservatorship of Brody*, 321 Mich App 332, 349; 909 NW2d 849 (2017). It is also not our obligation as an appellate court to comb the lower court file searching for facts supporting an appellant's argument on appeal. See, e.g., *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) ("A party may not simply announce a position and leave it to this Court to make

-1-

the party's arguments and search for authority to support the party's position. . . .").  See also *Murthy v Missouri*, 603 US 43, 68 n7; 144 S Ct 1972; 219 L Ed 2d 604 (2024) ("Judges are not like pigs, hunting for truffles buried in the record.") (cleaned up).  Finally, husband's appellate brief does not sufficiently present authority demonstrating his entitlement to relief, further representing an abandonment of his claim on appeal.  See, e.g., *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority.") (citations omitted).  For these reasons, husband fails to demonstrate that the trial court erred.

Affirmed.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock